UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

AMIN LAKHANI,
    Plaintiff,
vs.

SOCAL TACO COMPANY, LLC d/b/a
SOCAL CANTINA,
    Defendant.

## COMPLAINT

Plaintiff, AMIN LAKHANI (hereinafter "Plaintiff"), by and through undersigned counsel, hereby files this Complaint and sues Defendant, SOCAL TACO COMPANY, LLC d/b/a SOCAL CANTINA (hereinafter "Defendant"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter the "A.D.A"), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"), and the Florida Building Code.

## JURISDICTION

1.    This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. *et seq*., based upon Defendant's violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

## PARTIES

2.    Plaintiff is currently a resident of the State of Washington, is *sui juris*, and is a qualified individual under the ADA and the FACBC who has been intentionally denied access to the subject restaurant located at 1000 S. Miami Ave., Miami, FL 33131 (hereinafter the "Property") as set forth more fully herein, and who will continue to be intentionally denied such access without the injunctive relief requested herein.

3. Plaintiff is limited in one or more major life activities and requires a wheelchair to ambulate. Plaintiff has been diagnosed with Type 1B Hereditary Motor & Sensory Neuropathy, which is also known as Charcot-Marie-Tooth Disorder.

4. Despite the physical limitations to which he is subjected as a result of his disability, Plaintiff strives to lead a full life, frequently travels, dines out, and is also an actively social, independent, and highly educated, individual. Plaintiff traveled internationally throughout his life both before and after requiring a wheelchair to ambulate at the age of 15. Since the age of 15, he has traveled frequently through the United States, and also to Singapore, France, and Mexico.

5. Plaintiff also attended a highly selective dual degree program at the University of Pennsylvania, an Ivy League Institution, where he received degrees in Economics and Computer Science. Plaintiff is very social, highly involved in his community, offers dating-coaching through his website and social media, and is highly involved in social activism.

6. Plaintiff stays frequently in close proximity to the Property)—so close that it would be considered walking distance for able-bodied persons. Plaintiff originally encountered barriers at the Property in or about March of 2022. Later, in June of 2022, it was confirmed that the barriers to access still exist at the Property.

7. Plaintiff has visited the Property, which forms the basis of this lawsuit and plans to return to avail him of the goods and services offered to the public at the Property, and to determine whether the Property has been remedied to be ADA compliant, as has already been done once in June of 2022.

8. Plaintiff avers with all certainty that he will frequently return to the Property once the architectural barriers to access and discriminatory policies and procedures violating the ADA and the FACBC are no longer present.

9. Plaintiff looks forward to revisiting Property to partake in the full and equal enjoyment of the food and services offered to the general public at the Property. However, Plaintiff is deterred from returning so long as the discriminatory barriers and policies described herein continue to exist at the Property.

10.

11. However, Plaintiff has been denied access to the Property and full and equal enjoyment of the goods and services offered therein because of his disability and will continue to be denied such access as a result of the barriers to access which exist at the Property including, but not limited to, those set forth in the Complaint.

12. Independent of his personal desire to access the Property as a place of public accommodation as required by law, Plaintiff is an advocate of the rights of similarly situated persons with disabilities and an advocate for asserting his own civil rights.

13. In this instance, Plaintiff, in his individual capacity, has visited the Property, encountered barriers to access at the Property, was compelled to engage those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access including the ADA regulatory violations set forth herein below.

14. Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register to implement the

requirements of the ADA. Public accommodations were required to conform to these regulations on or before March 15, 2012.[1]

15. Because, *inter alia,* this Property was designed, constructed, and is believed to have opened in late 2016 or early 2017, Plaintiff asserts that said ADA violations are intentional in nature and will not be corrected absent Court intervention, thus exacerbating the intentional legal harm and injury to which Plaintiff has been and will continue to be subjected in the future—especially considering that the Defendant has not remediated the violations at the Property despite receiving notice of the violations at the Property under the prior lawsuit

16. Defendant, SOCAL TACO COMPANY, LLC, is a Florida Limited Liability Company which is authorized to and does transact business in the State of Florida and within this judicial district.

17. Defendant, SOCAL TACO COMPANY, LLC, is believed to have opened in late 2016 or early 2017 and occupies the Property, which is located at 1000 S. Miami Ave., Miami, FL 33131, as a restaurant. Defendant, SOCAL TACO COMPANY, LLC, is doing business as "SOCAL CANTINA".

18. The Property is a public accommodation and service establishment, and although required by law to do so, it is not in compliance with the ADA and ADAAG.

19. Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the Facility and the actions or inactions described herein.

20. All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the Property is located in the Southern District.

---

[1] "Safe Harbor. Elements that have not been altered in existing facilities on or after March 15, 2012, and that comply with the corresponding technical and scoping specification for those elements in the 1991 Standards are not required to be modified in order to comply with the requirements set forth in the 2010 Standards" 28 CFR §36.304(d)(2)(i), however, the violations described herein violate both the 1991 Standards as well as the 2010 Standards.

## FACTUAL ALLEGATIONS AND CLAIM

21.     Plaintiff has attempted to and has, to the extent possible, accessed the Property, but could not do so because of his disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility that restrict and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

22.     Plaintiff intends to visit the Property again in the near future in order to utilize all of the goods, services, facilities, privileges, advantages, and/or accommodations commonly offered at the Property, but will be unable to do so because of his disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Property which restrict and/or limit his access to the Property and/or accommodations offered therein, including those barriers conditions and ADA violations more specifically set forth in this Complaint.

23.     Defendant has discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Property, as prohibited by 42 U.S.C., § 12182, *et. seq.*, and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv) and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Property, including those specifically set forth herein, and make the Property accessible to and usable by persons with disabilities, including Plaintiff.

24.     Defendant has discriminated against Plaintiff by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous

conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of his disability) to access the Property and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility include:

<u>Bar - Counter</u>

a) There is no lower portion of the counter provided contrary to 2010 ADA Code §902.3,

<u>Seating Area - Exterior</u>

b) Table does not provide the required knee clearance and clear floor space contrary to 2010 ADA Code §902.2,

c) Table does not provide the required height contrary to 2010 ADA Code §902.2,

<u>Public Restroom</u>

d) Toilet compartment (stall) door does not provide self-closing hinges contrary to 2010 ADA Code §604.8.1.2,

e) Toilet compartment (stall) door does not provide pull handles on both sides of the door near the latch contrary to 2010 ADA Code §604.8.1.2,

f) Trash bin encroaches over the water closet clearance failing to maintain the water closet clear floor space free of obstacles contrary to 2010 ADA Code §604.3.2,

g) Toilet tissue dispenser is mounted over the side wall grab bar failing to maintain the grab bar free of barriers contrary to 2010 ADA Code §609.3,

h) Paper towel dispenser is mounted 3.5" over the side wall grab bar contrary to 2010 ADA Code §609.3,

i) Lavatory has unwrapped bottom sink pipes failing to maintain cover against contact contrary to 2010 ADA Code §606.5,

j) Water closet side wall grab bar is mounted at 49.5" perpendicular from rear wall to centerline of tis outer flange contrary to 2010 ADA Code §604.5.1,

k) Lavatory mirror is mounted at 41" above the finished floor to bottom edge of its reflecting surface contrary to 2010 ADA Code §603.3,

      l) Lavatory outside the accessible stall does not provide the required knee clearance as lamps are encroaching over the required lavatory knee clearance failing to maintain the lavatory free of barriers contrary to 2010 ADA Code §606.2.2, and

      m) Lavatory (outside stall) mirror is mounted at non-compliant location above the finished floor to bottom edge of its reflecting surface contrary to 2010 ADA Code §603.3.

25. The above listing speaks for itself in the ways in which these items are inaccessible. For instance, if the stall door has improper hardware and/or pull handles, then a person in a wheelchair would have issues closing the stall door to use the restroom privately. If the bar does not have a lowered section as required by the ADAAG, then an individual in a wheelchair would be unable to utilize the bar as a seating space.

26. The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Property. Plaintiff requires an inspection of the Property in order to determine all of the discriminatory acts violating the ADA, as well as the necessary remediations to bring the Property into ADA complaince

27. Plaintiff has attempted to gain access to the Property, but because of his disability has been denied access to, and has been denied the benefits of services, programs, and activities of the Property, and has otherwise been discriminated against and damaged by Defendant, because of the physical barriers, dangerous conditions, and ADA violations set forth above, and expects to be discriminated against in the future, unless and until Defendant is compelled to remove the unlawful barriers and conditions and comply with the ADA.

28. Independent of his personal desire to have access to this place of public accommodation free of illegal barriers to access Plaintiff is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation are in

compliance with the ADA. Independent of other subsequent visits, Plaintiff also intends to visit the Property regularly to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the Property. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester", visited the Property, encountered barriers to access at the Property, engaged and tested those barriers, suffered legal harm and legal injury and will continue to suffer such harm and injury as a result of the illegal barriers to access and the violations of the ADA set forth herein. It is Plaintiff's belief that said violations will not be corrected without Court intervention, and thus Plaintiff will suffer legal harm and injury in the near future.

29. Plaintiff, in his capacity as a tester, will absolutely return to the Property when Defendant modifies the Property or modifies the policies and practices to accommodate individuals who have physical disabilities to confirm said modifications have been completed in accordance with the requirements of the ADA

30. The removal of the physical barriers, dangerous conditions, and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

31. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Property, including those set forth herein.

**32.** Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs, and expenses paid by the Defendant, pursuant to 42 U.S.C., §§ 12205 and 12217.

**33.** Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Property until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendant from continuing is discriminatory practices, ordering Defendant to remove the physical barriers to access and alter the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Property until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs, and litigation expenses incurred in this action.

Respectfully submitted,

s/ Glenn R. Goldstein
Glenn R. Goldstein, Esq. (55873)
   *Attorney for Plaintiff*
Glenn R. Goldstein & Assoc., PLLC
8101 Biscayne Blvd, Ste. 504
Miami, Florida 33138
(305) 900-2373
GGoldstein@G2Legal.net